CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

June 03, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **LATORIAN MCFERREN,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26-cv-00389** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MAJOR KILLGORE, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Latorian McFerren, ("McFerren" or "Plaintiff"), a Virginia inmate proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. McFerren names Major Killgore, Captain Elliot, Lt. Sabo, and Lt. McBride as defendants, alleging that the Defendants violated McFerren's constitutional rights. McFerren is requesting "$500,000 and legal action" to be taken against the defendants. Compl. at 3, ECF No. 1.

This matter is before me for preliminary screening, pursuant to 28 U.S.C. § 1915A(a). Having reviewed the complaint, I will dismiss the claims without prejudice because Plaintiff has failed to state a claim upon which relief may be granted.

## I.     Background

McFerren is presently incarcerated at the Southwest Virginia Regional Jail at Abington, which is also where the alleged violations occurred. Although McFerren names the defendants individually, he fails to explain how each individual violated his rights. McFerren alleges that he was "locked down for 90 hrs straight wit [sic] no shower." *Id*. at 2. McFerren does not allege any physical or emotional injury as a result of this period without a shower and no further information is provided. Although Plaintiff does not specify which constitutional rights were violated, he appears to be claiming a violation of his rights under the Eighth Amendment.

## II.    Standard of Review

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must "dismiss the complaint, or any portion of the complaint," if it is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  While a *pro se* complaint must be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the court cannot ignore a clear failure in the pleadings to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do'… Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" (internal citations omitted)).

## III.    Discussion

McFerren fails to state a claim because deprivation of a shower for 90 hours does not constitute a violation of the Eighth Amendment.  "The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" *Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017) (quoting U.S. Const. amend. VIII).  While the Eighth Amendment protects prisoners from cruel and unusual living conditions, the Constitution does not mandate comfortable prisons.  *Rhodes v. Chapman*, 452 U.S. 337, 345-49 (1981).  Conditions that are "restrictive and even harsh … are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

To establish a claim of unconstitutional prison conditions, the plaintiff must allege: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Under the first element, the prisoner must show "significant physical or emotional harm" resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).  Further, a § 1983 claim requires factual detail about each defendant's personal involvement.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).

Here, Plaintiff fails to allege either prong necessary to state a claim for denial of his Eighth Amendment right.  While a denial of showers for extended periods could give rise to an Eighth Amendment violation, *see e.g. Rivera v. Mathena*, 795 Fed.Appx 169, 175 (4th Cir. 2019), courts in this district and elsewhere have consistently held that deprivation of a shower for periods similar to 90 hours or more does not give rise to a constitutional violation.  *Delaney v. Franzen*, No. 3:23CV468, 2024 WL 761859, *4 (E.D. Va. Feb. 23, 2024) (collecting cases). Furthermore, McFerren fails to allege any harm as a result.

McFerren also fails to allege any facts against any Defendant or state how Defendants' actions caused any alleged Eighth Amendment violation.

## IV.    Conclusion

The court will summarily dismiss Plaintiff's complaint, without prejudice, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief may be granted.

Enter:  June 2, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge